JAMEERAH T WARE
C/o P.O. Box 8422
Philadelphia, PA 19101
Meerah1@cloud.com
843-575-1666
07/11/2024

United States Bankruptcy Court
Robert N.C. Nix Building
900 Market Street, Suite 400
Philadelphia, PA 19107-4299

Case No.: 24-12064 (PMM)

[Plaintiff's MERCEDES-BENZ FINANCIAL USA LLC , Petitioner,
VS.
[Defendants JAMEERAH T WARE, Respondent.

UNIVERSAL PETITION REQUESTING EMERGENCY HEARING BASED ON NEWLY DISCOVERED MATERIAL EXCULPATORY EVIDENCE AND REQUEST TO STRIKE PROMISSORY NOTE
* *

Table of Contents
1. Jurisdiction
2. Introduction
3. Constitutional Challenge
4. Statement of Claim
5. Historical Background
6. Petitioned Relief Request
7. Summarization
8. Certificate and Verification



Table of Authorities
1. Brady v. Maryland, 373 U.S. 83 (1963)
2. Federal Reserve Act, Section 16
3. Uniform Commercial Code (UCC)  3-104
4. United States v. Morton, 467 U.S. 822 (1984)
5. United States v. Bagley, 473 U.S. 667 (1985)
6. In re International Horizons, Inc., 751 F.2d 1213 (11th Cir. 1985)
7. Rubin v. U.S., 449 U.S. 424 (1981)

1. Jurisdiction
This court has jurisdiction over this matter pursuant to the Federal Reserve Act, Section 16, and relevant case law that establishes the right to challenge jurisdictional issues related to the alleged outstanding debt. The promissory note in question does not evidence an outstanding debt but is instead a security as defined by Congress.

2. Introduction
Petitioner respectfully requests an emergency hearing based on newly discovered material exculpatory evidence. The promissory note, previously entered into the record, should be stricken as it does not evidence an outstanding debt but a security. Under the principles of contract law, as outlined in the Uniform Commercial Code (UCC), a promissory note must evidence a promise to pay a monetary obligation. However, this note includes an order to pay, thus classifying it as a draft under UCC 3-104.

3. Constitutional Challenge
Petitioner invokes the First and Fifth Amendments to the United States Constitution. The right to petition is absolute and cannot be waived once exercised. Due process under the Fifth Amendment requires proof of an outstanding debt to be presented on the record, which is a jurisdictional matter that can be challenged at any time.

4. Statement of Claim
The promissory note in question, when tendered to a Federal Reserve agent, is treated as a security and not a promise to pay. This is supported by the Federal Reserve Act, Section 16, which states that "in no event shall such collateral security be less than the total amount of the note applied for." The promissory note represents a draft, not a debt, as defined in law.

5. Historical Background
The historical application of the UCC and relevant case law, including Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, mandates the disclosure of material exculpatory evidence. The failure to present proof of an outstanding debt violates due process and constitutes a jurisdictional issue.

6. Petitioned Relief Request
Petitioner requests that the promissory note be stricken from the record as it does not evidence an outstanding debt. Additionally, Petitioner requests an emergency hearing to address the newly discovered material exculpatory evidence. The obligation to prove the existence of the debt lies with the party alleging it, and failure to do so permits the challenge of their standing, a jurisdictional matter.

7. Summarization
The promissory note represents a draft and not a debt. Congress, under Section 16 of the Federal Reserve Act, identifies such notes as securities. The requirement of due process mandates the presentation of an outstanding debt on the record, and this jurisdictional issue can be challenged at any time.

8. Certificate and Verification
I Jameerah T Ware, hereby certify and verify under penalty as witness by and before GOD that the statements made in this petition are true and correct to the best of my knowledge and belief.

Respectfully presented,

*[signature]*

Jameerah T Ware

Case Citations for Promissory Notes as Drafts
1. UCC 3-104 - Defines promissory notes and drafts.
2. In re International Horizons, Inc., 751 F.2d 1213 (11th Cir. 1985) - Discusses the nature of promissory notes and drafts under the UCC.
3. Rubin v. U.S., 449 U.S. 424 (1981) - Addresses the classification of financial instruments.
4. United States v. Morton, 467 U.S. 822 (1984) - Discusses jurisdictional challenges and the burden of proof.
5. United States v. Bagley, 473 U.S. 667 (1985) - Reinforces the requirement for disclosure of exculpatory evidence.